UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
SIMON NEWMAN,

          Plaintiff,

-against-

ATTORNEY GENERAL A. GONZALEZ;
U.S. ATTORNEY R. MAUSKOPF; A.U.S.A.
JACK SMITH AND A.U.S.A. TODD
HARRISON,

          Defendants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-5215 (FB)(LB)

*Appearances:*
*For the Petitioner:*
Simon Newman, *Pro Se*
41405-054
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21502

*For the Respondent:*
Scott Dunn, ESQ.
United States Attorneys Office
Civil Division
One Pierrepont Plaza, 11th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    On February 13, 2003, *pro se* plaintiff Simon Newman ("Newman"), who is a native and citizen of the United Kingdom, pleaded guilty to conspiracy to commit robbery pursuant to a cooperation agreement that the he entered into with the government; he is currently incarcerated on that charge. Following the completion of his sentence (September 20, 2008), Newman will be deported to the United Kingdom. *See* Gov. Mot., Ex. 1 (Removal Order, issued June 22, 2005).

    On November 7, 2005, Newman filed a civil rights complaint pursuant to 18 U.S.C. § 1983, alleging that because of his cooperation with the government, if deported, his "life will be in imminent danger as many associates of some of the individuals I helped law enforcement put away have . . . made their way to England," Complaint, at 2;

construed broadly, Newman's complaint also identifies a more generalized threat to his safety upon his release from custody. In light of the alleged threat to his security, Newman seeks an injunction from the Court, ordering "the Department of Justice to protect [him]," by (1) placing him in the Federal Witness Security Program ("Program"), and (2) permitting him to have "permanent status and relocation" within the United States. *See* Docket # 1 (complaint), at 5. The government moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1).

With respect to Newman's request for an order placing him in the Program, because the named defendants are federal officers, the Court construes it as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because his second request is for an order allowing him to remain in the United States, the Court construes it as a petition for review from his final removal order under 8 U.S.C. § 1252(b). The Court addresses these requests in turn.

## I.

Newman's demand that this Court compel the Department of Justice to place him in the Federal Witness Security Program in order to shield him from dangers allegedly caused by his cooperation with the government calls for relief which the Court is without jurisdiction to provide. Whether a witness will be protected under the Program is entirely within the Attorney General's discretion, *see Doe v. Civiletti*, 635 F.2d 88, 97 (2d Cir. 1980); a federal court does not have the authority to compel the Attorney General to place an individual in the Program. *See Callas v. United States*, 578 F. Supp. 1390 (S.D.N.Y. 1984) (citing *Civiletti*, 635 F.2d at 97); *see also, Boyd v. T'Kach*, 26 Fed. Appx. 792, 794 (10th Cir.

2

2001), *Abbot v. Petrovsky*, 717 F.2d 1191 (8th Cir. 1983), *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982). Therefore, the Court lacks jurisdiction to grant Newman's request for injunctive relief. *Cf. United States v. Gigante*, 187 F.3d 261, 262 (2d Cir.1999) (holding that under § 3521(f), district court is without jurisdiction to consider request to be returned to Program); *see also Boyd v. T'Kach*, 26 Fed. Appx. 792, 794 (10th Cir. 2001) (same).

Accordingly, Newman's *Bivens* claim is dismissed. *See Garcia*, 666 F.2d at 963-64 (dismissing *Bivens* claim because no right to protection from the Program); *see also Barbera v. Smith*, 836 F.2d 96, 102 (1987) ("[W]hen this Court held in [*Doe v. Civiletti*] that the federal courts lack subject matter jurisdiction . . . over suits to compel the government to provide protection to a cooperating witness, we strongly hinted that no such claim for relief could be stated.").

To the extent that Newman's claim can be construed as a general plea for protection upon his release from prison, it still fails as there is no clearly established constitutional duty to protect a government witness. In *Barbera v. Smith*, the Second Circuit considered a claim in which a federal prosecutor failed to respond to a cooperating witness's repeated requests for protection; the witness was later murdered by the target of the investigation. The court held that the prosecutor was entitled to qualified immunity because there was no clearly established duty to protect the witness at the time of his death (1982). 836 F.2d at 102. No right has since been established. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) ("[W]e are aware of no[ case before or since *Barbera*] . . . [which] create[s] a relationship that gives [a] witness a constitutional right to protection . . ."); *see also Johnson v. City of New York*, 2000 WL 1335865, at *2 (S.D.N.Y. 2000) (same).

3

## II.

Newman's request to be permitted to remain in the United States can only be construed as a challenge to his final order of removal, which under 8 U.S.C. §1252(b), the court is without jurisdiction to decide. The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, requires that any petition (or part of the petition that challenges an order of removal, deportation or exclusion) pending in the district court "be transferred to the court of appeals in which the petition could have been properly brought as a petition for review from a final order of removal under 8 U.S.C. § 1252." *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 212 (2d Cir. 2005).

## III.

Accordingly, insofar as Newman's complaint seeks an order requiring the government to provide him protection, it is dismissed. The balance of the case is transferred to the United States Court of Appeals for the Second Circuit; the removal order is stayed pending further action by the circuit court. *See* Special Notice from John Walker, Chief Judge, the United States Court of Appeals for the Second Circuit, re: Real ID Act of 2005 (June 8, 2005).

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
March 1, 2007